Craig J. Spomer Attorney at Law Lake Wabaunsee Improvement District 1610 S.W. Topeka Blvd., Suite 3 Topeka, Kansas 66612-1819
Dear Mr. Spomer:
As the attorney for the Lake Wabaunsee improvement district (LWID), you request our opinion on whether the LWID may expend funds to assist the city of Eskridge in required repairs to a city-owned dam and spillway located outside the boundaries of the district. The factual information you provide states that the proposed expenditure will benefit the district and its property owners in the following ways: (1) avoiding a city imposed increase in dock fees; (2) avoiding a potential six inch lowering of the lake waters, which could in turn cause a reduction in property value and erode the tax base; and (3) preventing the failure of the dam or spillway which could have an extremely adverse impact upon the sewer system of the LWID.
This improvement district was incorporated in 1978 pursuant to K.S.A. 19-2753 et seq. The purpose for which it was created is stated in the original petition as ". . . to properly maintain the `Lake Road' and other roads as well as in giving them the ability to deal with and provide any of the lawful benefits available in other classifications to upgrade the Lake Wabaunsee area." This rather broad statement of purpose appears to allow the performance of any function statutorily permitted of a Kansas improvement district.
You inform us that the improvements currently being operated and maintained by the LWID include roads and a sewer system. These road and sewage disposal improvements are within the general authority granted to improvement districts under K.S.A. 19-2765. Portions of that authorizing statute may apply to the proposed action and expenditure:
 "(a) Every improvement district incorporated under the terms of this act shall have the power to: . . . (4) Plan and construct or to purchase public works and improvements necessary for public health, recreation, convenience or welfare within the limits of the improvement district. Also to construct or purchase works outside the limits of the district which may be necessary to secure outlets, disposal, etc., and permit satisfactory performance of the works within the district . . . (8) Levy assessments and special taxes, if deemed expedient by the directors, upon all of the real estate in the district that may be benefited by special works and improvements including the improvement and maintenance of roads in the district, which will be conducive to the public health, convenience, or welfare . . . (12) Make all contracts and do all other acts in relation to the affairs of the district necessary to the proper exercise of its corporate legislative or administrative powers and to the accomplishment of the purpose of its organization . . . (15) Do all other acts that may be necessary to carry out and execute the general powers hereinbefore or hereinafter granted, although not hereinbefore specifically enumerated. . . ." (Emphasis added).
As discussed in Attorney General Opinions No. 89-120, 88-141, 83-56, 83-40, 81-279, and 80-211, improvement districts are creatures of statute and possess only those powers specifically granted by statute or necessarily implied in order to perform the duties of the district. See also Lakeside Improvement Districtv. Jefferson County, 237 Kan. 106 (1985). As set forth in K.S.A. 19-2765(a) the contemplated action must be for public health, recreation, convenience or welfare within the limits of the improvement district, to secure outlets, disposal, etc., and permit satisfactory performance of the works within the district, or to carry out and execute the general powers connected with public improvements. In general, an improvement district is allowed to create and maintain public improvements. Thus far, LWID has two such improvements — roads and a sewer system. Of the three factual reasons stated for the proposed expenditure, it appears that one may be within the scope of authority granted to an improvement district — maintenance and protection of the district sewer system.
While perhaps worthwhile goals, it is difficult for us to opine that avoiding a city imposed dock fee or a lowering of property value are purposes that are specifically within or necessarily implied to construct or maintain the works of an improvement district. Avoiding dock fees or lower property values do not appear to directly involve or benefit the district roads or sewer system. However, work done to protect and maintain the improvement district sewer system is within the scope of authority granted to the LWID.
We recognize that K.S.A. 19-2765(a)(4) does not clearly address repair work done to property not owned or operated by the district. However, there is no indication that the legislature intended to permit the creation or construction of a public improvement, utility or work, and then require that the district ignore maintenance of that improvement, utility or work. K.S.A.19-2765(a)(4) specifically recognizes that some works may reach beyond the corporate limits of the district. Moreover, when K.S.A. 19-2765(a)(4), (12) and (15) are read together, they evidence authority to take actions necessary to maintain district improvements. Thus, the proposed repair to a dam outside the corporate limits of the improvement district appears to be within the scope of authority granted to an improvement district if such repairs ". . . may be necessary to secure outlets, disposal, etc., and permit satisfactory performance of the works within the district" or otherwise take care of the improvement district sewer system.
K.S.A. 19-2765(a) permits necessary actions that further the permissible purposes of the district. Therefore, we must examine whether the proposed repair is something that is "necessary":
 "This word must be considered in the connection in which it is used, as it is a word susceptible to various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought. It is an adjective expressing degrees, and may express mere convenience or that which is indispensable or an absolute physical necessity." Blacks Law Dictionary 928 (5th ed. 1979).
K.S.A. 19-2753 et seq. does not provide guidelines as to what may be considered necessary. However, K.S.A. 1994 Supp. 77-201Second speaks to statutory construction rules and states, "words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meaning." As a quasi-municipality with discretionary authority, we believe a reasonableness standard would apply to decisions by the LWID board. Thus, it appears that the board of the LWID may determine if the proposed repairs are necessary to further the statutory purposes of an improvement district. If the board reasonably believes that the proposed repairs to the dam are necessary to protect or maintain the district sewage system, it is our opinion that the LWID may expend district moneys to further such repairs. The remaining issue will be whether the specific moneys thus expended are from a source properly spent for that purpose.
K.S.A. 19-2765(a)(8) authorizes an assessment and special taxes upon all of the real estate in the district that may be benefited by special works and improvements. Moreover, K.S.A. 19-2765a
creates a revenue fund (from the charges for use of the sewage disposal system) which can be paid out for the operation, maintenance, and renewing of the sewage disposal system. If the district funds to be expended for repair of the dam benefit the sewer district or help in its operation, maintenance or renewal, we believe that funds derived from either of these statutes may be properly used if not otherwise limited by budgetary considerations or other laws.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:bas